UNITED STATE DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLENNIS K. LANE, Plaintiff, ) | |
| ) | **COMPLAINT AND REQUEST** |
| v. ) | |
| ) | **FOR JURY TRIAL** |
| CITY OF ROCKLAND; ) | |
| THOMAS LUTTRELL; CHRISTOPHER ) | |
| YOUNG; MICHAEL ROLERSON; ) | |
| and JOHN and  JANE DOE, ) | |
| being unknown City of Rockland ) | |
| police officers, Defendants. ) | |
| ) | |

**COMPLAINT**

NOW COMES Plaintiff Glennis K. Lane, by her attorney Gregory E. Snow, Esq., and hereby brings this complaint against the above Defendants alleging as follows:

**JURY DEMAND**

Pursuant to F.R.Civ.P. Rule 38, Plaintiff demands a trial by jury, in free exercise and enjoyment of the Plaintiff's right secured by the Seventh Amendment that is the supreme law of the land under the Supremacy Clause of Article 6 clause 2 of the United States Constitution.

**JURISDICTION AND VENUE**

1. This action is brought against Defendants pursuant to 42 U.S.C. §§ 1983, 1985 (3) and 1988 for the deprivation of civil rights secured by the Fourth and Fourteenth Amendments for the Constitution and the Maine Constitution including but not limited to Article 1,  § 5 and other claims arising out of state law under the Fourth and Fourteenth Amendments of the United States Constitution.

2. The jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), 2201 and 2202.

3. This court has supplemental, pendant jurisdiction under 28 U.S. Code § 1367 for the claim under MRSA Title 15 § 704.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) and (c) in that the acts and omissions which give rise to this action occurred within this District in Knox County, Maine.

## PARTIES

5. Plaintiff Glennis K. Lane ("Plaintiff" or "Ms. Lane") is a citizen and a resident of the United States, domiciled in County of Knox, Town of Vinalhaven and State of Maine.

6. The Defendant City of Rockland ("the City") is a municipal corporation organized under the laws of the State of Maine.

7. At all relevant times, Defendant City of Rockland, acting through the Rockland Police Department (or "RPD"), was responsible for the policy, practice, training, direction, supervision, implementation and conduct of all RPD matters and was responsible for the appointments, training, supervision, direction, discipline, retention and conduct of all Rockland Police Department personnel. This personnel includes police patrol, supervisory, as well as the individually named Defendants herein.

8. In addition, at all times here relevant, Defendant City of Rockland was responsible for enforcing the rules and policies of the Rockland Police Department, as well as for ensuring that the Rockland Police Department personnel obey the laws of the United States and the State of Maine.

9. The Defendant, Thomas Luttrell ("Defendant Luttrell" or "Mr. Luttrell") is the City Manager of the City of Rockland where the Defendant, Michael Rolerson, was employed. The Defendant, Thomas Luttrell, was a policymaker of policies, procedures and guidelines for employees of the Rockland Police Department (RPD) and was, at all times here relevant, employed by the City and as such was responsible for enforcing the rules and policies of the Rockland Police Department, as well as for ensuring that the Rockland Police Department personnel obey the laws of the United States and the State of Maine.

10. At all times relevant, Defendant Christopher Young ("Defendant Young" or "Young") was acting in his capacity as the Chief of Police by the Rockland Police Department (RPD) and was acting under color of State law. The Defendant, Christopher Young, is a policymaker or policies, procedures and guidelines for employees of the Rockland Police Department and was, at all times here relevant, employed by the City and as such was acting in both individual and official capacities as an agent, servant and employee of the City. Defendant Young was responsible for enforcing the rules and policies of the Rockland Police Department, as well as for ensuring that the Rockland Police Department personnel obey the laws of the United States and the State of Maine.

11. At all times relevant, Defendant Michael Rolerson ("Defendant Rolerson" or "Rolerson") was acting in his capacity as a police officer by the Rockland Police Department (RPD) and was acting under color of State law at all times referred to herein. He is sued in his individual and official capacity as a member of the City of Rockland Police Department,

especially where the conduct, acts, or omissions of the Defendant Rolerson may constitute non-governmental acts.

12. At all times relevant, Defendants John and Jane Doe 1 through 4 were police officers, supervisors, policy makers, and/or officials employed by the City of Rockland. Plaintiff does not know the real names of Defendants John and Jane Doe 1 through 4.

13. At all times relevant herein, Defendants John and Jane Doe 1 through 4 were acting as agents, servants and employees of the City of Rockland and the RPD. Defendants John and Jane Doe 1 through 4 are sued in their individual and official capacities.

14. At all times here relevant, officials of the Town of Rockland were acting in accordance with and under color of State law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usage of the City and State of Maine.

## MAINE TORT CLAIM NOTICE

15. On or about April 20, 2021, Plaintiff provided notice to the City of Rockland pursuant to Maine Tort Claims Act, 14 M.R.S. Chapter 14, § 8107. A copy of said Notice of Claim is attached hereto as Exhibit A and the representation therein are incorporated herein by reference and made a part hereof.

## GENERAL ALLEGATIONS

16. On the evening of May 21, 2020, at approximately 7:20 p.m., Plaintiff went to the Fieldcrest apartment complex on Rankin Street, in Rockland, Maine to visit her sons, Anthony and Robert Jackomino who were staying there.

17. Upon entering the private driveway into the complex, Plaintiff noticed her son's, Robert Jackomino's truck was parked on the grass adjacent to the driveway off Rankin Street, approximately 100 yards away from the lot where her son normally parked his vehicle with the other residents.

18. Plaintiff Lane noticed that a police vehicle was parked behind her son's vehicle with a single City of Rockland Police officer sitting in the driver's seat. She parked her vehicle in front of her son's vehicle and approached the officer, Defendant Rolerson.

19. In the subsequent conversation, Defendant Rolerson, once the Plaintiff's identified herself as the mother of the truck's owner and familiar with its operation, informed Plaintiff that her son, Robert Jackomino, had been arrested for operating without a license and taken to the Knox County jail. Defendant Rolerson further informed the Plaintiff that Creek Hill Auto

3

      Repair of Thomaston, Maine had been summoned to tow the vehicle away and impound it.

20. It is department policy that when a vehicle driven by a suspect taken into custody is parked legally and safely, as in the case here, the driver is to be given the option of locking the vehicle and leaving it there or requesting that it be towed by a towing company of the suspect's choice.  Neither choice was offered to Robert Jackomino by Defendant Rolerson or Police Officer John Doe who transported Mr. Jackomino to the Knox County jail.

21. With the above information, and with the desire that her son's truck not be towed with its attendant expenses, Plaintiff informed Defendant Rolerson that she would transport the vehicle to a parking place inside the Fieldcrest apartment complex.

22. At no point did the Defendant Rolerson make ant attempt to call off the towing company by contacting them.

23. Defendant Rolerson stated to Plaintiff, "You are not taking the truck."

24. Plaintiff continued to explain that she was fine to drive and could transport the truck to a parking spot within the Fieldcrest apartment complex and attempted to enter her son's truck.

25. Plaintiff then began to step onto the running board to enter the truck's driver's side.

26. As Ms. Lane began stepping onto the running board, Defendant Rolerson walked behind Plaintiff and grabbed her, gripping both of her arms.

27. Contrary to Police policy, Defendant Rolerson then proceeded to batter, manhandle, and otherwise use unnecessary force towards Ms. Lane, causing multiple visual injuries and bruises.

28. Defendant Rolerson then placed the Plaintiff in handcuffs that were excessively tightened and placed Plaintiff into the rear of his police vehicle.

29. During the time of arrest, Defendant Rolerson placed handcuffs on Plaintiff that caused her "great, awful pain."

30. Plaintiff was then arrested by Defendant Rolerson on charges of Assault and Refusing to Submit to Arrest.  These charges were subsequently dismissed.

31. Based upon subsequently obtained hospital and physicians reports, the injuries perpetrated upon Plaintiff Lane were excessive and unnecessary under the circumstances.

32. Contrary to Police policy, at no time did Defendant Rolerson attempt to confirm that Plaintiff was indeed the mother of the arrestee and was safe to drive the vehicle. By failing

to do so, Defendant Rolerson violated department's custom or policy in force when a vehicle is to be impounded.

33. Ethical Standard 5.1 of the Rockland Police Department requires officers "not to restrict the freedom of individuals, whether by detention or arrest, except to the extent necessary to legally or reasonably apply the law."

34. Plaintiff said in tears to Defendant Rolerson, "Please take the cuffs off, or at least loosen them up. Do something. You are hurting me bad."

35. Contrary to Police policy, Defendant Rolerson ignored Plaintiff's pleas and replied, "Well, we are almost to the police station."

36. Contrary to Police policy, Defendant Rolerson informed Plaintiff that her son's vehicle was going to be towed.

37. Plaintiff and her son later incurred a $100 towing fee due to the false arrest of Defendant Rolerson.

38. Plaintiff was escorted to the Rockland Police Department where she was forced to remain in a room for four hours, all while still being in severe pain.

39. Contrary to Police policy, no medical attention was ever provided to Ms. Lane, despite her injuries being the result of excessive force by Officer Rolerson and clearly visible to both Defendant Rolerson and other personnel at the jail.

40. Contrary to Police policy, no photographs were ever taken of Plaintiff's injuries, despite their being the result of Defendant Rolerson's unnecessary and excessive force.

41. Contrary to Police policy, Plaintiff was never transported to a hospital facility for medical attention or otherwise received medical attention despite, during the time she was detained at the Knox County jail, her pointing out her obvious injuries to officers present.

42. Plaintiff later transported herself the following day to Pen Bay Medical Center in Rockport, Maine where she was treated for bruising and other injuries.

43. Plaintiff had photographs taken of her injuries the following day to ensure proper documentation of her treatment as the RPD failed to do so.

44. The charges against Plaintiff were dismissed by the Knox County District Attorney's office on November 5, 2020. The reason listed in the dismissal was "insufficient evidence."

### COUNT I - Violation of Civil Rights

45. Plaintiff Glennis Lane re-alleges and incorporates by reference the allegations in paragraph 1-44.

46. Defendants jointly, severally, or both, deprived Plaintiff of her Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fourth Amendment to the Constitution as incorporated and applied to the States through the Fourteenth Amendment.

47. The Fourth Amendment to the United States Constitution prohibited Defendant Rolerson from arresting or otherwise seizing Glennis Lane without probable cause to believe that she had committed Assault and Refusing to Submit to Arrest.

48. The Fourth Amendment to the United States Constitution also prohibited Defendant Rolerson from applying unnecessary force that is unreasonable or unnecessary for the particular circumstances.

   WHEREFORE, Plaintiff prays for judgement against Defendants and for award of damages, fees and costs in accordance with and provided by Federal and State law

### COUNT II - Municipal Liability

49. Plaintiff Glennis Lane re-alleges and incorporates by reference the allegations in paragraphs 1-48.

50. The City of Rockland is liable under 42 U.S.C. § 1983 for acts and omissions of Defendant Rolerson by applying physical force that is unreasonable or unnecessary for the particular circumstances.

51. The City of Rockland, Defendant Luttrell and Defendant Young neglected their responsibilities as policymakers due to their negligence in training, directing, disciplining, and ensuring compliance with department policy on the part of Defendant Rolerson in a timely manner to protect Plaintiff from bodily injuries and emotional distress.

   WHEREFORE, Plaintiff prays for judgement against Defendants and for award of damages, fees and costs in accordance with and provided by Federal and State law.

### COUNT III - Due Process

52. Plaintiff, Glennis Lane re-alleges and incorporates by reference the allegations in paragraph 1-51.

53. Plaintiff, Glennis Lane has the right to be protected under the Fourth Amendment against unreasonable search or seizure, including arrest.

54. Plaintiff, Glennis Lane also has the right be protected under the Fourth Amendment in which prohibits the use of unnecessary force that is unreasonable or unnecessary for the particular circumstances.

55. By arresting Ms. Lane unlawfully, as well as exhibiting unnecessary force in the process, Officer Rolerson denied Plaintiff her due process rights in protecting her from unlawful search or seizure, as well as unnecessary force.

WHEREFORE, Plaintiff prays for judgement against Defendants and for award of damages, fees and costs in accordance with and provided by Federal and State law.

## COUNT IV - False Imprisonment

56. Plaintiff, Glennis Lane re-alleges and incorporates by reference the allegations in paragraphs 1-55.

57. By arresting Ms. Lane without probable cause, and knowing that Plaintiff had the right to transport her son's vehicle based upon standard operating procedures, Officer Rolerson falsely imprisoned Ms. Lane in violation of Maine Law.

WHEREFORE, Plaintiff prays for judgement against Defendants and for award of damages, fees and costs in accordance with and provided by Federal and State law.

## COUNT V - Abuse of Process

58. Plaintiff, Glennis Lane re-alleges and incorporates by reference the allegations in paragraphs 1-57.

59. By making false representations regarding the regulations in transporting a vehicle during a traffic stop that ultimately resulted in Plaintiff's arrest, Officer Rolerson subjected Ms. Lane to excessive force resulting in injuries, as well as unlawful prosecution without reasonable grounds, which is in violation of Maine law.

WHEREFORE, Plaintiff prays for judgement against Defendants and for award of damages, fees and costs in accordance with and provided by Federal and State law.

### COUNT VI–Damages

60. Plaintiff, Glennis Lane re-alleges and incorporates by reference the allegations in paragraphs 1-59.

61. In addition to the damages referred to above, as a direct and proximate result of the intentional and illegal conduct of Defendants, Glennis Lane suffered and will continue to suffer pain, mental anguish as well as embarrassment and humiliation from her arrest to her release and thereafter as provided in 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff prays for judgement against Defendants and for award of damages, fees and costs in accordance with and provided by Federal and State law.

### COUNT VII–Punitive Damages

62. Plaintiff, Glennis Lane re-alleges and incorporates by reference the allegations in paragraphs 1-61.

63. The actions of Defendant Rolerson as alleged above were undertaken with actual and implied malice within the meaning of Maine law.

64. The actions of Defendant Rolerson as alleged above deprived Plaintiff Lane of her liberty, damaged her reputation, and caused great mental and emotional distress.

WHEREFORE, Plaintiff prays for judgement against Defendants and for award of damages, fees and costs in accordance with and provided by Federal and State law.

Respectfully submitted

/s/Gregory E. Snow
Gregory E. Snow, Esq. (ME id. 04987)
21 Limerock Street, Suite 203
P.O. Box 1864
Rockland, ME 04841
(207) 593-2494