UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GLENNIS K. LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22-cv-00058-JAW |
| | ) | |
| CITY OF ROCKLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On March 4, 2022, Glennis K. Lane filed a complaint in this Court, alleging that Rockland police falsely imprisoned her and violated her civil rights during her May 2020 arrest. *Am. Compl.* ¶¶ 46-63 (ECF No. 45). Ms. Lane brought suit against the city of Rockland and several police officers and city officials. *Id.* The Defendants moved to dismiss most counts of Ms. Lane's claim.[1] *Defs.' Mot. for Partial Dismissal of Compl.* at 10 (ECF No. 13) (*Defs.' Mot. to Dismiss*).

---

[1] Ms. Lane's suit includes six counts filed against varying and at times unknown combinations of the eight defendants. *Am. Compl.* ¶¶ 46-63. Defendants ask the Court to dismiss all counts as pleaded against all defendants, except for the false imprisonment claim (Count IV) as pleaded against the City, Counts I and III-IV as pleaded against Officer Michael Rolerson, and Counts I-IV as pleaded against the four unnamed John and Jane Doe defendants. *Defs.' Mot to Dismiss* at 10; *Recommended Decision on Mot. to Dismiss* at 5 n.5 (ECF No. 46) (*Recommended Decision*) ("[t]he Defendants do not seek the dismissal of [Ms.] Lane's false imprisonment claim against the City . . . [or her] substantive claims against [Mr.] Rolerson").

The John and Jane Doe defendants are unknown "police officers, supervisors, policy makers, and/or officials employed by the City of Rockland." *Am. Compl.* ¶¶ 12-13. It is not clear which claims Ms. Lane brings against which unnamed defendants, but the Defendants' motion to dismiss did not request dismissal of Counts I-IV as pleaded against the John and Jane Does. *See Defs.' Mot. to Dismiss* at 10 (requesting dismissal of the damages counts "against all Defendants" but dismissal of the other claims only against specific defendants).

The United States Magistrate Judge filed with the Court on January 31, 2023, her Recommended Decision in which she recommended that the Court dismiss: (1) all claims against City Manager Thomas Luttrell and Chief of Police Christopher Young (Counts I-VI); (2) the civil rights claims against the City (Counts I-III); and (3) the separate claims for damages and punitive damages as to all remaining defendants (Counts V-VI). *Recommended Decision* at 15-16. If accepted, the only claims remaining would be the false imprisonment claim against the City and the substantive claims against Officer Rolerson and the John and Jane Doe defendants. The Magistrate Judge also recommended that the Court decline to determine the availability of punitive damages against the City at this stage in the proceedings. *Id.*

On February 14, 2023, the Defendants filed an objection to the Recommended Decision, objecting only to the portion of the Recommended Decision that declined to recommend dismissal of Ms. Lane's request for punitive damages against the City under state law. *Defs.' Partial Obj. to Recommended Decision on Mot. to Dismiss* (ECF No. 47) (*Defs.' Obj.*). Ms. Lane did not file an objection, but on February 28, 2023, filed a response to the Defendants' objection. *Pl.'s Resp. Mem. to Defs.' Partial Obj. to Recommended Decision on Mot. to Dismiss* (ECF No. 48) (*Pl.'s Resp.*). The parties' dispute is confined only to the narrow question of punitive damages on the state law false imprisonment claim and neither party raises any objections to the Magistrate Judge's recommendation to dismiss most of Ms. Lane's other claims.

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record and made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in her Recommended Decision and determines that the following claims should be dismissed: (1) all claims against City Manager Thomas Luttrell and Chief of Police Christopher Young (Counts I-VI); (2) the civil rights claims against the City (Counts I-III); and (3) the separate claims for damages and punitive damages as to all remaining defendants (Counts V-VI).

The Court also rejects the Defendants' objection and underlying request that the Court dismiss Ms. Lane's request for punitive damages on her false imprisonment claim. *See Def.'s Obj.* at 2 (the Magistrate Judge "should have recommended dismissal of the request for punitive damages against the City, as those damages are not recoverable as a matter of law"). The Defendants reason that, because the state law false imprisonment claim "sounds in tort, it is subject to the provisions of the Maine Tort Claims Act (MTCA)," which does not permit the award of punitive damages against a government entity. *Id.*; *see also* 14 M.R.S. § 8105(5) ("[n]o judgment or award against a governmental entity shall include punitive or exemplary damages"). While the Defendants may ultimately prove correct on whether Ms. Lane may recover punitive damages on her false imprisonment claim, the Court does not find this remedy

3

to be properly disposed of at the motion to dismiss stage, especially where the motion does not seek dismissal of the underlying claim.

Ms. Lane's Amended Complaint brought standalone claims for damages and punitive damages. *Am. Compl.* ¶¶ 59-63 ("COUNT V-Damages" and "COUNT VI-Punitive Damages"). The Magistrate Judge recommended dismissal of those counts, *see Recommended Decision* at 13-14, and the Court affirms that recommendation. The parties' dispute focuses not on those standalone counts but on the fact that "[e]ach substantive count in [Ms.] Lane's complaint contains a general prayer for damages, so the dismissal of her separate 'claims' for damages and punitive damages would nevertheless leave those prayers intact." *Id.* at 14 (citing *Am. Compl.* ¶¶ 46-58). The Defendants argue that, while they have not sought dismissal of Count IV as pleaded against the City, the Court should nonetheless dismiss Ms. Lane's request for punitive damages as a possible remedy on that count. *Def.'s Mot. to Dismiss* at 10.

The Magistrate Judge recommended "that the Court exercise its discretion and decline to resolve whether punitive damages are recoverable against the City at this stage in the proceedings." *Recommended Decision* at 15; *see also D'Pergo Custom Guitars, Inc., v. Sweetwater Sound, Inc.,* No. 17-cv-747-LM, 2018 U.S. Dist. LEXIS 208440, at *15 (D.N.H. Dec. 11, 2018) (declining to dismiss a plaintiff's "request for punitive damages" because "whether punitive damages are recoverable is not a proper subject for

adjudication in a Rule 12(b)(6) motion" (cleaned up)); *Bernard v. Town of Lebanon*, No. 2:16-cv-00042-JAW, 2017 WL 1232406, at *6 n.3 (D. Me. Apr. 3, 2017) (declining to resolve the availability of punitive damages on a motion to dismiss because "the issue may not be amenable to resolution by a motion to dismiss").

The Court finds *D'Pergo* instructive. The district judge in *D'Pergo* considered a request by the defendant to dismiss the plaintiff's requests for punitive damages—included in the general request for damages on each claim—because punitive damages were not an available remedy for each of those claims. 2018 U.S. Dist. LEXIS 208440, at *15. The district judge noted that "[a] general request for punitive damages is not a 'claim for relief' within the meaning of Federal Rule of Civil Procedure 8(a)(2), but a request for a remedy" and "[a]s such, the court will not dismiss D'Pergo's request for punitive damages at this stage of the proceedings." *Id.* (citations omitted). The Court adopts the same logic in rejecting the Defendants' objection.

The Defendants do not offer a direct response to the Magistrate Judge's employment of *D'Pergo*, but instead counter that "both circuit courts of appeals and district courts in the United States Court of Appeals for the First Circuit have held that dismissal of punitive damage claims pursuant to a Rule 12(b)(6) motion is appropriate." *Def.'s Mot.* at 2 (collecting cases). The Court assumes that it has the authority to dismiss a claim for punitive damages—indeed, it dismisses Ms. Lane's claims for punitive damages today—but it finds, as did

5

the court in *D'Pergo*, that dismissing a claim for punitive damages is inherently different from dismissing punitive damages as a possible remedy for a claim that has not been challenged. The Court does not find it necessary or appropriate at this stage to dismiss Ms. Lane's request for punitive damages on her false imprisonment claim against the City.

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (ECF No. 46) be and hereby is AFFIRMED.

2. The Court GRANTS in part Defendants' Motion for Partial Dismissal of Complaint (ECF No. 13) namely to the extent the Defendants seek dismissal of: (1) all claims against City Manager Thomas Luttrell and Chief of Police Christopher Young (Counts I-VI); (2) the civil rights claims against the city of Rockland (Counts I-III); and (3) the separate claims for damages and punitive damages as to all remaining defendants (Counts V-VI).

3. The Court DISMISSES in part without prejudice Defendants' Motion for Partial Dismissal of Complaint (ECF No. 13) namely to the extent the city of Rockland seeks dismissal of the Plaintiff's request for punitive damages against it.

SO ORDERED.

                                          /s/ John A. Woodcock, Jr.
                                        JOHN A. WOODCOCK, JR.
                                        UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2023